IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

WILLIAM HOPE DAVIS,

    Petitioner,

vs.

CIVIL ACTION NO.: CV509-063

J. DARRELL HART, Warden; STATE
BOARD OF PARDONS AND PAROLES;
Chair L. GALE BUCKNER; ROBERT
E. KELLER; MILTON E. NIX; and
GARLAND R. HUNT,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner William Hope Davis ("Davis"), an inmate currently incarcerated at Ware State Prison in Waycross, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a decision of the Georgia Board of Pardons and Paroles ("the Board"). Respondents filed an Answer-Response and a Motion to Dismiss. Davis filed a Response. For the reasons which follow, Respondents' Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Davis was convicted, after a jury trial, of murder and possession of a firearm during the commission of a crime in the Thomas County Superior Court and was sentenced to life imprisonment on the murder count and five years' imprisonment on the firearms count. Davis was sentenced to five years' imprisonment after a bench trial on

the possession of a firearm by a convicted felon count. Davis filed an appeal with the Georgia Court of Appeals, which affirmed his conviction and sentence. Davis was considered for parole after serving seven years in prison. The Board denied Davis parole in May 1997, and the issue of Davis' parole was to be considered again in June 2005. The Board considered Davis for parole in April 2005 and denied parole based on the nature and circumstances of Davis' offense, his prior criminal history, and his prison conduct. Davis' next reconsideration date was scheduled for June 2010, but the Board considered Davis for parole in January 2009 pursuant to a request from the Georgia Department of Corrections for a special parole review. The Board once again voted to deny Davis parole, finding that his release "would not be compatible with the welfare of society due to the severe nature of the offenses for which [Davis] was convicted." (Doc. No. 6, p. 5). Davis' next consideration is scheduled for June 2014.

In the instant petition, Davis contends that the Board's reliance upon the nature of the offense as the sole basis for denying him parole was "tantamount to no consideration at all," and the Board's decision to deny him parole was "arbitrary, unreasonable, a gross abuse of discretion, and [violative of] the Due Process and Equal Protection Clauses of the Fourteenth Amendment." (Doc. No. 1, p. 6). Davis asserts that the Board granted parole to similarly situated inmates before they served the amount of time he is being required to serve. Davis also asserts that the Board's decision to deny him parole in January 2009 was retaliation for his pursuit of litigation against the Board in 2006. Davis seeks an Order directing the Board to release him on parole or a statement providing him with a sufficient statement of reasons for its denial. Davis also seeks a declaration that the Board's "repeated reliance upon the gravity of

the offense in absence of exceptional circumstances amounts to a gross abuse of discretion and violates" the Constitution. (Id. at 8).

Respondents assert that the claims Davis raises in the instant petition are untimely under 28 U.S.C. § 2244(d)(1). Respondents allege that it was in May 1997, when the Board initially denied Davis' parole, that he should have been aware of the factual predicate of his claims. Respondents also allege that Davis did not bring these claims prior to 1998, nor has he shown that the statute of limitations should be tolled. Thus, Respondents aver, Davis' petition should be dismissed as untimely filed. Alternatively, Respondents assert that Davis' petition should be dismissed because he did not exhaust his available state remedies. Further, Respondents assert that Davis fails to state a claim for relief.

## DISCUSSION AND CITATION OF AUTHORITY

"A state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus." Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). Two different statutes govern the single post-conviction remedy of the writ of habeas corpus, 28 U.S.C. §§ 2241 and 2254. "The difference between the statutes lies in the breadth of the situations to which they apply." Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004) (quoting Medberry, 351 F.3d at 1059). A writ of habeas corpus may issue to a prisoner pursuant to section 2241 if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 "applies to a subset of those to whom" section 2241(c)(3) applies. Id. at 786. This section applies to "'a person in custody *pursuant to the judgment of a State court*' who is 'in custody in violation of the Constitution or law or

treaties of the United States.'" Id. (quoting section 2254(a)) (emphasis in original). While "the habeas corpus remedy is authorized by § 2241," it is "also subject to § 2254 and all of its attendant restrictions." Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." Thomas, 371 F.3d at 787.

A petitioner seeking to file a federal habeas petition has one year within which to file their federal habeas petitions. 28 U.S.C. § 2244(d)(1). The statute of limitations period shall run from the latest of four possible dates:

> The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Davis contests the decision of the Board to deny him parole in May 1997. Davis is in custody pursuant to the judgment of a Georgia court, and thus, his petition is governed by section 2254 and its attendant restrictions, such as the statute of limitation period. See Thomas, 371 F.3d at 787 (stating that the argument that section 2254 does not apply where a state prisoner challenges parole decisions rather than court rulings is

4

AO 72A
(Rev. 8/82)

without merit). It was at the time the Board denied Davis parole in 1997 that he was or should have been aware of the factual predicate of his claims. See Porter v. Ray, 461 F.3d 1315, 1323 (11th Cir. 2006) (noting that statute of limitation period begins to run at the time the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard to his rights). To the extent that Davis contends that the Board's decisions to deny him parole in 2005 and 2009 are relevant, this contention is without merit. See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1262 (11th Cir. 2003) (reasoning that successive denials of parole do not involve separate factual predicates and therefore do not warrant separate statute of limitations calculations). Because the event about which Davis complains occurred on May 23, 1997 (Doc. No. 5-1, p. 13), he had until May 24, 1998, to file a timely petition for relief. Davis did not file the instant petition until November 6, 2009, which is more than 12 years after the Board initially denied him parole.

Davis asserts that no cognizable claim for relief accrued at the time the Board initially denied him parole in May 1997. Davis contends that applying Brown would produce "a grave injustice." (Doc. No. 10, p. 9). Davis also contends that he is not challenging the Board's earlier denials and only offers these denials as evidence that the Board acted arbitrarily and unreasonably in denying him parole in January 2009. Davis asks the Court to apply the two-step standard from Rozar v. Mullis, 85 F.3d 556, 561-62 (11th Cir. 1996), which Davis asserts is that a court must identify the alleged injuries, and then determine when a plaintiff could have sued for them.

The law in this Circuit is clear. The initial denial of parole is the factual predicate for statute of limitations purposes, not any subsequent denials of parole. Davis' petition

was filed well outside of the one year statute of limitations available under 28 U.S.C. § 2244(d)(1).[1]

To the extent Davis asserts that the Board's denial in January 2009 violated his rights to due process, equal protection, and to be free from retaliation, these claims are not cognizable in a habeas petition. Rather, these claims would be more appropriately addressed in a cause of action filed pursuant to 42 U.S.C. § 1983.[2]

It is unnecessary to address the alternative ground of Respondents' Motion to Dismiss.

## CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Respondents' Motion to Dismiss be **GRANTED**, and Davis' petition, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED** as untimely filed.

**SO REPORTED** and **RECOMMENDED** this 10th day of May, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] The Eleventh Circuit Court of Appeals declined to address the statute of limitations question in Davis v. State Bd. of Pardons & Paroles, 271 F. App'x 975 (11th Cir. 2008). Instead, the Eleventh Circuit found that, assuming the factual predicate for a claim arose at the time the Board denied Davis parole, Davis, under Georgia law, had to exhaust his state court remedies by filing a petition for writ of mandamus. Davis, 271 F. App'x at 975-76. Under this scenario, Davis failed to exhaust his state court remedies provided by Georgia law, and his petition should be dismissed for these reason as well.

[2] In making this distinction, the undersigned makes no observation about the underlying merits of these potential civil rights claims.