# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

WILLIAM HOPE DAVIS,

    Petitioner,

vs.

CIVIL ACTION NO.: CV509-063

J. DARRELL HART, Warden; STATE
BOARD OF PARDONS AND PAROLES:
Chair L. GALE BUCKNER; ROBERT
E. KELLER; MILTON E. NIX; and
GARLAND R. HUNT,

    Respondents.

## ORDER

After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Petitioner William Hope Davis ("Davis") asserts that the Magistrate Judge erred by concluding that his petition was not timely filed. Davis alleges that the statute of limitations period could not have started to run in May 1997 after the Board's initial denial of parole, but, rather, at the Board's most recent denial in January 2009. Davis also alleges that

he was not required to exhaust his state remedies prior to filing this petition because the relief he seeks—his immediate or speedier release—is not available through the Georgia courts, and requiring him to exhaust would be an exercise in futility. Davis further alleges the statute of limitations period cannot be tolled during the pendency of a mandamus proceeding. Finally, Davis alleges the Magistrate Judge erred by concluding his claims are not cognizable in a habeas corpus petition.

Even assuming that Davis' assertion that the statute of limitations period did not begin to run until after the Board's most recent denial in January 2009, he would not be entitled to his requested relief. As the Magistrate Judge noted, Davis was required to exhaust his remedies prior to filing this petition. Dill v. Holt, 371 F.3d 1301, 1302-03 (11th Cir. 2004). Under Georgia law, the Parole Board's decision can be challenged by filing a petition for writ of mandamus. Brown v. Barrow, 512 F.3d 1304, 1308 (11th Cir. 2008). Davis, by his own admission, did not file a petition for writ of mandamus prior to filing this petition. The statute of limitations period would "probably" be tolled during the pendency of "a properly filed state mandamus proceeding." Hawes v. Howerton, 335 F. App'x 882, 885 (11th Cir. 2009) (quoting Brown v. Barrow, 512 F.3d 1304, 1308 n.2 (11th Cir. 2008). Davis' objections asserting that his claims that the Board's denial of parole violated his rights to due process, equal protection, and to be free from retaliation would be more appropriately addressed in a civil rights complaint and are without merit.

2

Davis' Objections are **overruled**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Respondents' Motion to Dismiss is **GRANTED**. Davis' petition, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is authorized to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 19 day of August, 2010.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)